**Jerry BALL, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 19, 1994.

Susanna W. Thomas, Newport, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Jerry L. Smith, Deputy Atty. Gen., Nashville, Al C. Schmutzer, Jr., Dist. Atty. Gen. and James Dunn, Asst. Dist. Atty. Gen., Newport, for appellee.

### OPINION

PEAY, Judge.

This case involves an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The defendant filed an application for an extraordinary appeal by permission, alleging that the indictments against him should be dismissed with prejudice because the State had violated the "anti-shuttling" provisions of the Interstate Compact on Detainers Act, T.C.A. § 40–31–101.

The trial court denied said motion. The only issue before this Court is whether the trial court correctly refused to dismiss the indictments. After a review of the record, we affirm the trial court's decision.

On January 27, 1993, the defendant was released from federal custody in Kentucky to answer charges of attempted kidnapping, attempted aggravated assault, and attempted arson in Cocke County, Tennessee. At the arraignment which was held on May 19, 1993, the defendant requested additional time to prepare a defense. In order to prepare a defense, the defendant alleged that he needed time to recover motions, addresses of witnesses, and other paperwork that had not been made available to him since he had been transferred numerous times in the federal system. The trial court rescheduled the defendant's trial for June 22, 1993, in order to provide the defendant with sufficient time to recover this information.

On or about May 19, 1993, the sheriff of Cocke County returned the defendant to federal custody because of jail overcrowding. When a trial is delayed, prisoners are often transferred to accommodate the limits placed on detention facilities.

The defendant now argues that the Tennessee indictments should have been dismissed. The defendant was in federal custody, was released to Cocke County authorities, and was then returned to federal custody prior to a final disposition of the Tennessee charges. The defendant maintains that this transfer violated Articles III(d),[1] IV(e),[2] and V(c)[3] of the Interstate Compact on Detainers Act because he was returned to federal custody before the Cocke County charges were tried.

The trial court concluded that a dismissal with prejudice would be an inappropriate remedy given the circumstances surrounding this case. The trial court stated the following reasons for its conclusion:

> The delay granted by the Court so as to assure the defendant a full, fair, due process trial as constitutionally mandated can in no wise [sic] be characterized as any abuse or prejudice to , this defendant. Moreover, the Court finds that the delay was in the particular best interest of the accused to enable him to exercise his constitutional rights in defending the charges.

The purpose of the "anti-shuttling" provisions of the Interstate Compact on Detainers Act is to provide prisoners with the opportunity to continue their rehabilitative programs while promoting the speedy disposition of outstanding charges. *Nelms v. State*, 532 S.W.2d 923, 927 (Tenn.1976) (citing

---

1. Article III(d) of the Interstate Compact on Detainers Act provides as follows:

Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice, request, and the certificate. If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

2. Article IV(e) of the Interstate Compact on Detainers Act provides as follows:

If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

3. Article V(c) of the Interstate Compact on Detainers Act provides as follows:

If the appropriate authority shall refuse or fail to accept temporary custody of such person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or article IV hereof, the appropriate court of the jurisdiction where the indictment, information or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

*State v. Barnes,* 273 Md. 195, 328 A.2d 737, 743 (1974)); *U.S. v. Dixon,* 592 F.2d 329, 333 (6th Cir.1979). Although we have been unable to locate any Tennessee cases exactly on point, a number of jurisdictions have declined to impose such harsh sanctions where the transfer of a prisoner was inadvertent and where there has been no showing that the shuttling interfered with the prisoner's rehabilitative program. *See Commonwealth v. Petrozziello,* 491 N.E.2d 627 (Mass.App.Ct. 1986); *Malone v. U.S.,* 482 A.2d 768 (D.C. 1984); *State ex. rel. Fetters v. Hott,* 173 W.Va. 502, 318 S.E.2d 446 (1984); *U.S. v. Taylor,* 861 F.2d 316 (1st Cir.1988).

■ After a review of the record, we find that the violation of the Interstate Compact on Detainers Act was technical and inadvertent. The return of the defendant to federal custody was apparently a mistake. The sheriff was not aware that such a transfer violated the Interstate Compact on Detainers Act "anti-shuttling" provisions. Furthermore, there is no claim by the defendant that his return to federal custody interfered with his rehabilitation. In fact, there is no showing that the defendant was even involved in any rehabilitative program while in federal custody. The trial was rescheduled for the benefit of the defendant. The record indicates that the State was fully prepared and that the trial judge gave this case priority in the docket to comply with the defendant's right to a speedy trial. Had the defendant not asked for a continuance, it is unlikely that there would have been a violation of the Interstate Compact on Detainers Act.

After reviewing the entire record, we find that the enforcement of the "anti-shuttling" provisions by dismissing the defendant's indictments would not further the purpose of the Interstate Compact on Detainers Act. Therefore, given the circumstances of this case, we find that trial court properly denied a dismissal of the petitioner's indictments. The judgment of the trial court is affirmed.

SCOTT, P.J., and JOHN P. COLTON, Jr., Special Judge, concur.